Case 2:13-cv-00291-JAW   Document 39   Filed 12/29/14   Page 1 of 4   PageID #: 222

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT M. HOOPER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:13-cv-00291-JAW |
| | ) | |
| ST. ANDRE HEALTH CARE FACILITY, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

On August 2, 2013, Robert M. Hooper filed a complaint against St. Andre Health Care Facility (St. Andre). *Comp.* (ECF No. 1). St. Andre answered the complaint on October 4. 2013. *Answer* (ECF No. 7). On February 4, 2014, the Court issued an order, scheduling the case for a settlement conference to be held on February 21, 2014. *Order Setting Settlement Conf.* (ECF No. 19). On the same day, the Court granted a motion to stay the case pending the completion of the settlement conference. *Order* (ECF No. 20). On February 21, 2014, Magistrate Judge Nivison issued an order, indicating that the case had been contingently settled, ordering the parties to notify the Court by March 17, 2014 as to whether settlement had been finalized, and setting April 23, 2014 for the parties to file a stipulation of dismissal. *Minute Entry* (ECF No. 21).

On April 18, 2014, the Plaintiff's attorneys moved to withdraw as counsel and asked for the Court to extend the deadline for filing a stipulation by ninety days. *Mot. to Withdraw Pursuant to L.R. 83.2(c)* (ECF No. 22). The attorneys explained that

after finalizing a settlement on April 3, 2014, they learned that Mr. Hooper had passed away and therefore they no longer had the authority to enter into the settlement or file the stipulation of dismissal on behalf of the Plaintiff. *Id.* at 2. The attorneys asked for a stay of the action for ninety days after service of a statement noting the death pursuant to Federal Rule of Civil Procedure 23(a). *Id.* at 3.

On May 6, 2014, Magistrate Judge John H. Rich, III held a telephone status conference and ordered Attorney Robert Kline to serve the suggestion of death on each of the currently known possible successors to the Plaintiff. *Report of Hr'g and Order Re: Mot. to Withdraw* (ECF No. 27). On May 7, 2014, St. Andre filed a statement noting a party's death and confirmed that the notice was being served on the decedent's four brothers. *Statement Noting a Party's Death* (ECF No. 26). Attorney Kline filed completed certificates of service on each of the known possible successors establishing that each had been served with a notice that if a motion for substitution were not filed within ninety days of the statement noting a party's death, the Plaintiff's Complaint would be dismissed. *Process Receipt and Returns* (ECF No. 28-30). The last possible successor was served on June 23, 2014 and under Rule 25(a), the ninety period lapses after service of the statement noting the death. FED. R. CIV. P. 25(a).

On September 22, 2014, just before the ninety period under Rule 25(a) was set to run, the Plaintiff moved for a ninety-day extension of the time for filing a substitution of party. *Mot. to Extend the Time for Filing a Substitution [of] a Party* (ECF No. 31). The Court granted the motion on September 23, 2014. *Order* (ECF

No. 32). On October 3, 2014, the Court held a telephone conference of counsel to discuss the status of the case. On December 15, 2014, Attorney Peter Rice filed an affidavit, confirming that he had communicated with each of Robert M. Hooper's potential heirs and each confirmed that he did not wish to pursue any claims on behalf of the estate of Robert M. Hooper or in his own right as heir against St. Andre Health Care Facility. *Am. Aff. of Peter M. Rice, Esq.* (ECF No. 36). The extended time period for filing a response to the notice of suggestion of death under Rule 25(a) has now run and the Court has received no filings from any of the possible successors to the Plaintiff.

Upon receipt of Attorney Rice's affidavit, the Court issued an Order, inquiring of the parties what relief they were seeking. *Status Order* (ECF No. 37). On December 24, 2014, Attorney Robert W. Kline, notified the Court that the parties are seeking to have the case dismissed with prejudice and without costs.

Rule 25(a) provides that if a motion for substitution is not made within the time provided after service of a statement noting the death, the action by the decedent "must be dismissed." FED. R. CIV. P. 25(a). In *Anderson v. Yungkau*, 329 U.S. 482 (1946), the United States Supreme Court likened the old version of Rule 25(a), which contained a two-year rule for the filing of a Rule 25(a) motion, to a statute of limitations. *Id.* at 485 ("Rule 25(a) operates both as a statute of limitations upon reviver and as a mandate to the court to dismiss an action not revived"). "Dismissal under Rule 25(a) is ordinarily a dismissal with prejudice." *Joudeh v. MS Carriers, Inc.*, No. 3:09-CV-2217-L, 2010 U.S. Dist. LEXIS 77664, at *3 (N.D. Tx. Jul. 28, 2010).

In accordance with Rule 25(a), the Court hereby DISMISSES the Plaintiff's Complaint with prejudice.

SO ORDERED.

/s/John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF U.S. DISTRICT JUDGE

Dated this 29th day of December, 2014.